JgFITZSIMMONS, Judge.
Plaintiff, Michael Labiche, filed a petition for review of the final decision of defendant, the Louisiana Patients’ Compensation Fund Oversight Board (PCFOB), with the Nineteenth Judicial District Court. The trial court granted peremptory exceptions raising the objections of no cause .of action and res judicata filed by defendant, Louisiana Patients’ Compensation Fund (PCF). The trial court then rendered judgment dismissing Mr. Labiehe’s petition, with prejudice. Mr. Labiche appealed. PCF answered the appeal. On our own motion, we recognize the peremptory exception of peremption, and find that the petition for review was untimely. For this reason, we affirm the dismissal of Mr. Labiche’s petition for review and pre-termit any discussion of the exceptions granted by the trial court.
Mr. Labiche asserts that, as provided in La. C.C. art. 3462, prescriptive periods are interrupted by the timely filing in federal court and service on defendant. In an earlier proceeding between the parties, the federal court had approved the settlement agreement in a malpractice action that is the basis for the main dispute between the parties. Because the dispute decided by the final decision of the PCFOB arose out of the original case and settlement between Mr. Labiche and PCF in federal court, both parties had a basis to believe that the federal court had continuing jurisdiction. Mr. La-biche argues the injustice of holding the petition for review was untimely, when both counsel so erred.
In brief, PCF argues that the time limitation contained in La.R.S. 49:964 B is a per-emptive period, not subject to interruption or suspension. R.S. 49:964 B provides that the right of review, granted by section A, may be exercised by filing a petition in the appropriate district court “within thirty days after mailing of notice of the final decision....” PCFOB’s final' decision was signed May 4, 1995. The petition -for review |3was filed July 13, 1995. Therefore, the petition for review, filed seventy days after the PCFOB’s final decision, was untimely.[2]
“Peremption is a period of time fixed by law for the existence of á right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period.” La. C.C. art. 3458. Peremption is not subject to renunciation, interruption, or suspension. La. C.C. art. 3461. Unlike prescription, peremption can be pleaded, or recognized by a court, on its own motion. La. C.C. art. 3460.
It can be difficult to distinguish a prescriptive period from a peremptive one. The determination must be made on a case by case basis. La. C.C. art. 3458, comment (c). If the intent of the time limit rule is to bar enforcement of a substantive right or cause of action, it is prescriptive; if the intent is to limit the, existence, the duration of the right granted, it is peremptive. La. C.C. art. 3458, comment (c); State in the Interest of Taylor, 637 So.2d 512, 514 (La. App. 1st Cir.1993). Evidence of legislative intent to create a peremptive period is the legislature’s placement of the time limitation in the statute creating the right. Schulin v. Service Painting Co. of Louisiana, 479 So.2d 939, 944 (La.App. 1st Cir.1985), writ denied, 481 So.2d 634 (La.1986).
La. R.S. 49:964 A and B are similar to La. R.S. 15:1177, reviewed and interpreted by this court in Carter v. Lynn, 93-1583 (La.App. 1st Cir. 5/20/94); 637 So.2d 690. Both statutes created a right of review to the district court, and, within the same statute, *410 limited the existence of the right to thirty days after a triggering event. The legislative intent of these provisions was to create a right of judicial review for a limited duration. See Carter, 93-1583 at p. 2; 637 So.2d at 691; Schulin, 479 So.2d |4at 944. Thus, we find that the time limitation in La.R.S. 49:964 B is a peremptive period. Unfortunately, and we believe without negligence, the peremptive period lapsed.[3] The right of review was extinguished before the petition was filed in the proper court. The peremptive period cannot be suspended or interrupted by the filing in federal court or by the assertion that both parties thought that federal court had jurisdiction over the final decision of the PCFOB. See La. C.C. art. 3461.
For these reasons, we find that Mr. La-biche’s petition for review to the Nineteenth Judicial District Court was untimely. . The peremptory exception raising the objection of peremption is recognized by this court. We affirm the district court’s dismissal of Mr. Labiche’s petition for review, with prejudice. The costs of the appeal are assessed to the plaintiff, Michael Labiche.
AFFIRMED.
WHIPPLE, J., dissents with assigned reasons.

. Both parties use May 4, 1995 as the date to begin calculation. Mr. Labiche does not allege that the final decision was received or that he was notified any later than May 4.

. If La.R.S. 49:964 B was a prescriptive period, the filing in federal court would have interrupted prescription.