797 So.2d 730 (2001)
Champ HOOVER and Cornelia Hoover, Individually and on Behalf of Their Minor Child, Amy Hoover
v.
LIVINGSTON PARISH SCHOOL BOARD, Rogers Pope, Bobbie Impson, Sylvia McMorris, Richard Cherry, and Marvin Curtis.
No. 2000 CA 1293.
Court of Appeal of Louisiana, First Circuit.
June 22, 2001.
*731 A. Wayne Stewart, Livingston, Counsel for Plaintiffs/Appellants Champ Hoover and Cornelia Hoover, Individually and on Behalf of Their Minor Child, Amy Hoover.
Carey T. Jones, Denham Springs, Counsel for Defendant/Appellee Livingston Parish School Board.
Celia R. Cangelosi, Baton Rouge, Counsel for Defendant/Appellee Richard Cherry.
Before: CARTER, C.J., WEIMER, and KLINE,[1] JJ.
WEIMER, J.
A March 10, 2000 judgment maintaining an exception of res judicata and declaring *732 moot an exception of prescription is appealed. We amend in part, reverse in part, and remand for further proceedings.

BACKGROUND
On August 12, 1993, Champ and Cornelia Hoover, individually and on behalf of their minor daughter, Amy, filed a petition for damages naming as defendant Richard Cherry, teacher and girls' basketball coach at French Settlement High School, and his employer, Livingston Parish School Board (Board).[2] The petition alleges Coach Cherry sexually harassed Amy and at one time inappropriately touched her at a basketball game. The petition further alleges that following this incident, several persons employed by the Board began a systematic course of conduct designed to intimidate Amy. The retaliatory conduct allegedly included her removal from athletic teams and expulsion from school. Paragraph X of the petition alleges a civil rights violation, as follows:
Petitioners specifically show that the defendants' conduct was in violation of the U.S.Code, Title 42, Section 1983 in that the individual defendants attempted or in fact did deny plaintiffs and their minor daughter of legal and/or constitutional rights, under the color of state law, without any sort of due process or equal protection and that said conduct does amount to an absolute and direct violation of said civil rights statute.
On August 26, 1993, the defendants removed the case to federal court on the basis of the Section 1983 demand in the petition. Thereafter, written discovery was undertaken in the federal forum. On December 10, 1993, the Hoovers asserted their intent to amend their petition to delete any reference to 42 U.S.C. § 1983, thus removing the basis for jurisdiction in the federal court. Thereafter, the Hoovers filed a "Motion to Dismiss Cause of Action and Remand" in the federal court seeking to dismiss their cause of action "relating to alleged violations by defendants of 42 U.S.C. Section 1983 ... [and] to remand the ... matter to the 21st Judicial District Court, State of Louisiana." The Hoovers averred in the motion that neither defense counsel opposed the dismissal or the remand.
On January 3, 1994, the Federal District Court for the Middle District of Louisiana issued an order which states in pertinent part:
Plaintiffs['] Motion to Dismiss a Cause of Action and to Remand having been discussed and consented to by all parties and the Court having duly considered the same, does now order that any and all cause of action relating to 42 U.S.C. 1983 be dismissed and that the case be remanded....
In their exception of res judicata filed in state court following remand, the Board and Coach Cherry aver that: plaintiffs voluntarily dismissed any and all claims relating to 42 U.S.C. § 1983; all of the claims and causes of action set forth in plaintiffs' petition relate to the claim under 42 U.S.C. § 1983; and plaintiffs' claims are barred by the effect of res judicata. In support of their exception, the Board and Coach Cherry cited Reeder v. Succession of Palmer, 623 So.2d 1268 (La.1993), cert. denied, 510 U.S. 1165, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994).

DISCUSSION
The peremptory exception raising the objection of res judicata is based on the conclusive legal presumption that there should be no re-litigation of a thing *733 previously adjudged between the same parties. Labiche v. Louisiana Patients' Compensation Fund Oversight Board, 98-2880, p. 5 (La.App. 1 Cir. 2/18/00), 753 So.2d 376, 380. While the doctrine of res judicata is ordinarily premised on a final judgment, it also applies where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties. A release of a claim or claims, when given in exchange for consideration, is a compromise and constitutes the basis for a plea of res judicata. Id. However, the authority of the thing adjudged resulting from the release extends to only those matters the parties expressly intended to settle. Id.
The plaintiffs' agreement to dismiss their 42 U.S.C. § 1983 claim is in the nature of a release. The motion and order for dismissal contains general language purporting to release the cause of action plaintiffs may have under the federal statute. However, it is well settled that a general release will not bar recovery for those aspects of a claim not intended to be covered by the release. LSA-C.C. art. 3073; Labiche, 98-2880 at 5, 753 So.2d at 380. Thus, the issue is whether plaintiffs and defendants intended to include plaintiffs' claims under state law in the federal dismissal.
We look to the terms of the documents of record to ascertain the parties' intent. In answers to interrogatories and their motion to dismiss, plaintiffs' references to a dismissal in the federal forum are consistently coupled with references to a remand. Clearly, plaintiffs did not intend to dismiss their state court claims by seeking a dismissal in the federal court. As to the defendants' intent, the court's order for dismissal specifically states that plaintiffs' motion was to "Dismiss a Cause of Action and to Remand"; that the motion was "discussed and consented to by all parties"; and that the order of dismissal applies to "any and all cause of action relating to 42 USC 1983." (Emphasis supplied.) We find that, based on the language of the order as well as the other evidence concerning the parties' intent in confecting their agreement, plaintiffs and defendants did not intend to include plaintiffs' state court claims in the federal court dismissal. The language of the dismissal clearly applies to the single cause of action related to the Section 1983 action. We note 42 U.S.C. § 1983 is a specific statutory provision which requires specific proof and which provides for attorney's fees.
Thus, we find the trial court erred as a matter of law in applying the federal principles of res judicata to decide the defendants' exception instead of the principles regarding the res judicata effect of a release as previously discussed. In Labiche, 98-2880, 753 So.2d 376, the fact that the release at issue was approved by a federal court did not preclude applicability of Louisiana Civil Code provisions and jurisprudence concerning the intent of the parties to the release.
Reliance by the Board and Coach Cherry on Reeder, 623 So.2d 1268, is misplaced because that case is distinguishable. Reeder sued for damages in federal court under federal securities statutes as the result of an alleged pyramid scheme and he included a pendent state securities law claim. The federal court dismissed with prejudice for failure to state a claim on the ground that post-dated checks issued in return for investments did not qualify as securities or investment contracts under federal or Louisiana securities law. Reeder v. Succession of Palmer, 736 F.Supp. 128 (E.D.La.1990), aff'd, 917 F.2d 560 (5th Cir.1990). Reeder then sued in state court, asserting state securities, contract, tort, and unfair trade practices claims. *734 The Louisiana Supreme Court held all of Reeder's state law claims were barred by res judicata because Reeder was obligated to file in his first suit all the legal theories he wished to assert. Reeder, 623 So.2d at 1270. The court noted the "rules do not countenance a plaintiff's action in failing to plead a theory in a federal court with the hope of later litigating the theory in a state court as a second string to his bow." Reeder, 623 So.2d at 1274. Unlike the instant case, Reeder did not involve a petition filed in state court pleading all actions, a removal by defendants, and an agreement by all the parties as to a dismissal of the federal claims for the purpose of a remand to the state forum.
This matter is also distinguishable from O'Brien v. Orleans Parish School Board, XXXX-XXXX (La.9/29/00), 769 So.2d 1218, reversing 99-2607 (La.App. 4 Cir. 5/17/00), 769 So.2d 588. In O'Brien, suit was filed in federal court and later in state court against the same defendants arising out of the same facts. The defendants moved successfully for the dismissal of the federal suit. The plaintiff then attempted to pursue his state court claim. The Louisiana Supreme Court reversed the court of appeal, holding the exception of res judicata should have been granted as to the state court claims. The facts and circumstances of the instant matter, the intent of the parties, and language of the federal court order distinguish this matter.
Because we find the dismissal in the federal court of the Hoovers' Section 1983 claims did not include the state court claims, we need not discuss the plaintiffs' argument that they should be relieved from the effect of res judicata because of exceptional circumstances. See LSA-R.S. 13:4232(A)(1). However, we note there is both state and federal statutory authority for such relief. See Billiot v. LeBeouf Brothers Towing Company, 93-1697, pp. 4-6 (La.App. 1 Cir. 6/24/94), 640 So.2d 826, 828-829, writ denied, 94-2367 (La.12/9/94), 647 So.2d 1108 (despite a previous federal court judgment, plaintiffs never had their day in court on the merits of their wrongful death action; defendant was not "entitled to screen itself with a procedural windfall.")

CONCLUSION
Because we find the trial court judge erred in dismissing the entirety of plaintiffs' petition, we amend the judgment to provide that only the cause of action stated in Paragraph X of plaintiffs' petition and plaintiffs' demand for statutory penalties and attorney's fees pursuant to 42 U.S.C. § 1983 are dismissed with prejudice. The portion of the judgment dismissing the remainder of plaintiffs' petition asserting claims against the Livingston Parish School Board and Richard Cherry is reversed, and those claims are reinstated. Based on our ruling, the portion of the judgment of the trial court finding the peremptory exception raising the objection of prescription moot is vacated. The case is remanded to the trial court for proceedings consistent with the views expressed herein The Livingston Parish School Board and Richard Cherry are each assessed with 50 percent of $742.00, the costs of this appeal.
JUDGMENT AMENDED IN PART; REVERSED IN PART; CASE REMANDED.
NOTES
[1] Judge William F. Kline, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Other school personnel named as defendants were dismissed by a previous judgment, which was not appealed and which is now final.