GUIDRY, J.
 

 |2Plaintiffs appeal the dismissal of their lawsuit as res judicata due to a prior arbitration proceeding and class action lawsuit that were pursued to finality. For the reasons set forth below, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 In 1993, Russell Aucoin opened a brokerage account with Edward D. Jones & Co., for the purpose of investing a personal injury settlement he had received as a result of an accident that left him disabled. He chose Peter Y. Gauthier, a broker with Edward D. Jones & Co., to manage his investment account.
 

 On December 4, 2005, Mr. Aucoin and his wife, Sandra Aucoin, signed a uniform submission agreement to arbitrate their claims against Edward D. Jones & Co., and Mr. Gauthier (collectively “Edward Jones”) before the NASD (National Association of Securities Dealers) Dispute Resolution (now known as the Financial Industry Regulatory Authority or FINRA).
 
 [1]
 
 According to the statement of claim filed on January 4, 2006, the Aucoins asserted the following claims and causes of action against Edward Jones: negligence, misrepresentation, non-disclosure, and omission of facts relative to margin calls, exchanges, municipal bond funds and mutual funds. The Aucoins also claimed that in determining how to manage their investments, Mr. Gauthier was motivated to win a trip to Hawaii, rather than their best interest.
 

 In response to the arbitration application filed by the Aucoins, Edward Jones filed a motion to dismiss the application, asserting two grounds for dismissal: (1) the claims asserted were prescribed; and (2) the Aucoins did not lose any money as a result of the alleged negligent and deceptive transactions and therefore were not damaged.
 

 |aOn May 22, 2006 and June 28, 2006, an arbitration panel considered the pleadings
 
 *329
 
 and the oral arguments of the parties. On July 7, 2006, the arbitration panel rendered the following award: “[Edward Jones’] Motion to Dismiss the Statement of Claim is granted. All claims in the Statement of Claim are dismissed, with prejudice. Any and all claims for relief are dismissed, with prejudice, including claims for attorneys’ fees and punitive damages.”
 

 In the meantime, a class action was filed in the United States District Court for the Eastern District of Missouri against Edward D. Jones
 
 &
 
 Co., L.P., the partnership’s managing partner and the partnership’s executive committee members. According to the class action petition, the following claims were asserted:
 

 1. This is a federal class action on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired shares or other ownership units of any of the Preferred Funds, as defined below, through Edward Jones acting as broker between January 25, 1999 and January 9, 2004 (the “Class Period”), inclusive, and who were damaged thereby. Plaintiff seeks to pursue remedies under the Securities Exchange Act of 1934 (the “Exchange Act”).
 

 2. This action charges defendants with engaging in an unlawful and deceitful course of conduct designed to improperly financially advantage defendants to the detriment of plaintiff and the other members of the Class. As part and parcel of defendants’ unlawful conduct, defendants, in clear contravention of their disclosure obligations, failed to disclose that Edward Jones received valuable incentive payments — valued reportedly at
 
 $100 million
 
 per year — from seven mutual fund families. In return, Edward Jones recommended funds in those seven Mutual Fund Families to its clients and otherwise steered its clients to purchase interests in those funds. Edward Jones did not disclose the true reasons for its recommendations to its clients.
 

 3. Under “revenue-sharing” arrangements, as such deals are known within the industry, Edward Jones received payments to sell mutual fund families managed by the following fund complexes: Lord Abbett & Co.; American Funds; Federated Investors Inc.; Goldman Sachs Group Inc.; Hartford Mutual Funds Inc.; Putnam Investments and Van Kampen Investments (collectively, the “Preferred Funds”). In turn, unbeknownst to investors, Edward Jones provided strong financial incentives to its individual brokers to sell the preferred funds by making brokers’ bonuses directly proportional to the revenue— including revenue-sharing fees — a broker generates. |4E dward Jones brokers thus make more money selling shares in the Preferred Funds than other funds.
 

 4. Edward Jones’ undisclosed arrangements operated as a fraudulent scheme that exploited the misplaced trust of its clients, which Edward Jones carefully cultivated by falsely representing that it considers each clients’ “unique financial objectives” in tailoring supposedly appropriate investments, and using similar representations. In fact, throughout the Class Period, Edward Jones pushed its brokers to sell only certain mutual funds because (unbeknownst to Class members)it was bribed to do so.
 

 When notified of the class action proceeding, the Aucoins did not opt out of the class, and therefore became members of the class action proceeding, which proceeding was resolved by a settlement that was approved and entered as the judgment of the federal district court on October 25, 2007.
 

 
 *330
 
 Finally, on October 2, 2008, the Aucoins filed a petition for damages in the underlying action wherein they asserted claims against Edward Jones relative to various financial transactions performed in 2000. In response to that petition, Edward Jones filed a pleading asserting a peremptory exception on the basis of res judicata and alternatively moving to stay the suit pending arbitration. Following a hearing, the trial court sustained the peremptory exception and dismissed the Aucoins’ petition. The Aucoins devolutively appeal that judgment.
 

 ASSIGNMENTS OF ERROR
 

 The Aucoins appeal the dismissal of their lawsuit for the following reasons:
 

 1. The District Court erred by granting defendants’ Exception of Res Ju-dicata because an unconfirmed arbitration award is not a judgment and cannot satisfy the requirements of res judicata.
 

 2. The District Court erred by granting defendants’ Exception of Res Ju-dicata because the claims dismissed in the arbitration are not related to the transactions set forth in the petition[.]
 

 8. The District Court erred by granting defendants’ Exception of Res Ju-dicata because the Class Action settlement agreement did not release the unrelated claims described in the petition.
 

 UDISCUSSION
 

 In order to address the specific contentions raised in the Aucoins’ first assignment of error, we must first determine whether the doctrine of res judicata can apply to an arbitration proceeding and the scope of the application of the doctrine. Ordinarily, an arbitration award concludes and binds the parties as to the merits of all matters properly within the scope of the award and intended by the arbitrators to be finally decided.
 
 Bernard v. Hildebrand,
 
 08-0268, p. 7 (La.App. 1st Cir.8/6/08), 993 So.2d 678, 683. However, unlike litigation, which is subject to general principles of the doctrine of res judicata, the rules of arbitration allow, and indeed require, the arbitration parties to identify the specific issues for submission. Rather than an automatic blanket inclusion of all claims arising from the same facts comprising the subject matter of the litigation, arbitration issue selection is exclusive. Only specifically selected issues are subject to arbitration. La. C.C. arts. 3102 & 3104 (arbitration is limited to the issues properly submitted by the parties). The arbitrator’s very authority is limited by the submission. La. C.C. arts. 3104, 3121-22. Only submitted issues may be decided, and a party cannot be required to submit an issue that he has not previously agreed to arbitrate.
 
 [2]
 

 Holly & Smith Architects, Inc. v. St. Helena Congregate Facility,
 
 03-0481, p. 6 (La.App. 1st Cir.2/23/04), 872 So.2d 1147, 1153.
 

 Thus, the doctrine of res judicata can and does apply to an arbitration award, but only to those issues actually presented and considered in the arbitration proceeding. In other words, an arbitrator’s award is conclusive only with respect to the matters submitted and ac
 
 *331
 
 tually litigated therein. La. C.C. art. 3122;
 
 Craig v. Adams Interiors, Inc.,
 
 34,591, p. 5 (La.App.2d Cir.4/6/01), 785 So.2d 997, 1002.
 
 See also
 
 La. C.C. art. 3121 (“Arbitrators can not exceed the power which is given to them; and if they exceed it, their award is null for so much.”)
 

 Having thus concluded that the doctrine of res judicata can and does apply to arbitration awards, we turn to the Au-coins’ contention in their first assignment of error; namely, that res judicata cannot apply to an unconfirmed arbitration award. For the following reasons, we reject this contention.
 

 Within one year after an award is made, a party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award. La. R.S. 9:4209. According to the plain language of Louisiana Arbitration Law, confirmation is not required; however, in order to ensure execution of an award, an award ought to be approved (confirmed) by a judge. La. C.C. art. 3129. Research has failed to reveal any Louisiana cases directly addressing the preclusive effect to be given an unconfirmed arbitration award. Nevertheless, because of the strong and substantial similarities between our state arbitration provisions and the federal arbitration law, we may look to the federal jurisprudence to provide guidance in the interpretation of our state arbitration provisions.
 
 [3]
 

 Pennington v. CUNA Brokerage Securities, Inc.,
 
 08-0589, p. 7 (La.App. 1st Cir. 10/1/08), 5 So.3d 172, 176,
 
 writ denied,
 
 08-2600 (La.1/9/09), 998 So.2d 723.
 

 It has long been recognized in federal jurisprudence that a party to an arbitration agreement may apply to the court for an order affirming the arbitration award,
 
 see
 
 9 U.S.C. § 9, but is not limited to such remedy.
 
 Kentucky River Mills v. Jackson,
 
 206 F.2d 111, 120 (6th Cir.),
 
 cert. denied,
 
 346 U.S. 887, 74 S.Ct. 144, 98 L.Ed. 392 (1953). Rather, as similarly discussed regarding La. C.C. art. 3122, judicial confirmation of an arbitration award seems to be important for collection purposes under the Federal Arbitration Act; it is not required for purposes of recognizing the validity of the award.
 
 In re Robinson,
 
 265 B.R. 722, 731 (6th Cir. BAP2001),
 
 aff'd,
 
 326 F.3d 767 (6th Cir.2003).
 

 More recently, the court in
 
 Sheet Metal Workers International Association Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.,
 
 673 F.Supp.2d 313, 320 (D.N.J.2009) found that judicial proceedings ordinarily accord preclusive effect to arbitrations that have already adjudicated the same claims or defenses, even when the award is unconfirmed. The court then went on to consider whether the following five elements listed in Restatement (2d) of Judgments §§ 83, 84 (1982) were satisfied to determine if it would be proper to accord preclusive effect to the unconfirmed arbitration award in that case:
 

 (a) Adequate notice to persons who are to be bound by the adjudication ...;
 

 (b) The right on behalf of a party to present evidence and legal argument in support of the party’s contentions and fair opportunity to rebut evidence and argument by opposing parties;
 

 (c) A formulation of issues of law and fact in terms of the application of rules with respect to specified parties concerning a specific transaction, situation, or status, or a specific series thereof;
 

 (d) A rule of finality, specifying a point in the proceeding when presentations
 
 *332
 
 are terminated and a final decision is rendered; and
 

 (e) Such other procedural elements as may be necessary to constitute the proceeding a sufficient means of conclusively determining the matter in question, having regard for the magnitude and complexity of the matter in question, the urgency with which the matter must be resolved, and the opportunity of the parties to obtain evidence and formulate legal contentions.
 

 On considering the foregoing elements, the court found that there was no genuine dispute that the procedures governing the arbitration were fair and that the arbitration produced a final award. Thus, the court accorded preclusive effect to lathe arbitration award.
 
 Sheet Metal Workers International Association Local Union No. 27, AFL-CIO,
 
 673 F.Supp.2d at 320.
 

 Likewise, considering the cited jurisprudence and the foregoing elements, we find that there is no genuine dispute that the procedures governing the arbitration proceeding instituted by the Aucoins were fair and that a final award, rendered with prejudice, was produced. Therefore, we conclude that the trial court did not err in giving preclusive effect to the unconfirmed award.
 

 Nevertheless, in their remaining two assignments of error, the Aucoins contend that the claims asserted in the present suit were not part of the same transaction or occurrence that was the subject of the previous arbitration or class action proceedings. Therefore, pursuant to La. R.S. 13:4231, they allege the trial court erred in granting the peremptory exception on the basis of res judicata.
 

 Initially, we observe that the arbitration claim filed by the Aucoins did not refer to a specific time period, but instead referred to a variety of conduct as having caused their claimed damages, including: negligence, misrepresentation, non-disclosure, and omission of facts relative to margin calls, exchanges, municipal bond funds and mutual funds and the winning of the Hawaii trip by Mr. Gauthier. And while some of the complained of conduct could be isolated to a specific time period, such as the winning of the trip to Hawaii by Mr. Gauthier, there is no other language or statement in the arbitration claim limiting the complaint regarding Edward Jones’ alleged wrongful conduct to a time period prior to the year 2000. The arbitration claim was filed in 2005 and therefore reasonably could be construed to cover any of the complained of conduct occurring up to the date of filing.
 

 |sYet, even assuming that the arbitration claim could be construed to cover only claims arising before 2000,
 
 [4]
 
 the claims clearly fall within the scope of the common issues of the class asserted in the class action proceeding. The purpose of the class action procedure is to adjudicate and obtain res judicata effect on all
 
 common
 
 issues applicable not only to the representatives who bring the action, but to all others who are similarly situated, provided they are given adequate notice of the pending class action and do not timely exercise the option of exclusion from the class.
 
 Display South, Inc. v. Graphics House Sports Promotions, Inc.,
 
 07-0925 (La.App. 1st Cir.6/6/08), 992 So.2d 510, 515.
 

 The issues common to the class, and thus res judicata to any subsequent proceeding sought to be instituted on the
 
 *333
 
 same grounds, were quoted previously in this opinion. Moreover, even if the claims asserted by the Aucoins in the present petition were viewed as not falling within the scope of the common issues articulated in the class action petition, the claims asserted in the present petition would nevertheless be barred under the theory of res judicata based on the provisions of the settlement agreed to by the members of the class that terminated the class action suit.
 

 A compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised. La. C.C. art. 3080. However, A compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express. La. C.C. art. 3076. As explained by this court in
 
 Hoover v. Livingston Parish School Board,
 
 00-1293, p. 3 (La.App. 1st Cir.6/22/01), 797 So.2d 730, 732-733:
 

 The peremptory exception raising the objection of res judicata is based on the conclusive legal presumption that there should be no re-litigation of a thing previously adjudged between the same parties.
 
 Labiche v. Louisiana Patients’ Compensation Fund Oversight Board,
 
 98-2880, p. 5 (La.App. 1 Cir. 2/18/00), 753 So.2d 376, 380. While |Tnthe doctrine of res judicata is ordinarily premised on a final judgment, it also applies where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties. A release of a claim or claims, when given in exchange for consideration, is a compromise and constitutes the basis for a plea of res judicata.
 
 Id.
 
 However, the authority of the thing adjudged resulting from the release extends to only those matters the parties expressly intended to settle.
 
 Id.
 

 The final judgment entered by the United States District Court in accordance with the settlement reached by the parties to the class action, permanently barred and enjoined the class representatives and members from:
 
 [5]
 

 instituting, commencing or prosecuting any and all claims, debts, demands, rights, or causes of action or liabilities (including, but not limited to, any claims for damages ... ), whether based on federal, state, local, statutory or common law or any other law, rule or regulation (including, but not limited to, claims for violation of the federal securities laws, state securities laws, negligence, gross negligence, indemnification, breach of duty of care and/or breach of loyalty, fraud, misrepresentation, breach of fiduciary duty, negligent misrepresentation, unfair competition, insider trading, professional negligence, malpractice, mismanagement, corporate waste, or breach of contract), related to revenue sharing payments received by Defendants from the Preferred Funds, fees and commissions received by Defendants from the Preferred Funds for shelf-space arrangements, directed brokerage transactions, shareholder accounting fees and mutual fund trades generally, whether fixed or contingent, accrued or unaccrued, known or unknown, liquidated or not liquidated, at law or in equity, matured or not matured, Class-wide or individual in nature,
 
 *334
 
 including claims (a) that have been asserted in the Federal and State Class Actions by the Class Members or any of them against any of the Defendants’ Released Persons,
 
 or (b)
 
 that could have been asserted in the Federal and State Class Actions or any other forum by the Class Members or any of them against any of the Defendants’ Released Persons, that arise out of, are based upon, or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Federal and State Class Actions or otherwise are based upon or relate in any way to revenue sharing payments received by Defendants, fees and commissions received by Defendants from the Preferred Funds for mutual fund trades, shelf-space arrangements, directed brokerage transactions, shareholder accounting fees and mutual fund trades from the Preferred Funds which were purchased through or held at Edward Jones or held directly at the fund company with Edward Jones listed as Broker/Dealer of record ... against each and all of the Defendants |nand their respective past or present ... employees, ... principals, affiliates, agents.... The Released Plaintiffs’ Claims are hereby compromised, settled, released, discharged and dismissed as against the Defendants’ Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Final Order and Judgment.
 

 Considering this extensive listing of the claims and causes of actions settled and released pursuant to the parties’ compromise and memorialized in the “Final Judgment and Order of Dismissal” of the federal district court, and considering the time period covered by the same (January 1, 1999 to December 81, 2004), we further find that the trial court did not err in sustaining the peremptory exception based on the objection of res judicata.
 

 CONCLUSION
 

 Based on our review of the record in this matter, we find the ruling of the trial court on the peremptory exception raising the objection of res judicata was not manifestly erroneous.
 
 See Thompson v. Jackson Parish Police Jury,
 
 36,497, p. 11 (La.App.2d Cir.10/23/02), 830 So.2d 505, 512. Thus, we affirm the judgment of the trial court. All costs of this appeal are cast to the appellants, Russell and Sandra Aucoin.
 

 AFFIRMED.
 

 CARTER, C.J., and PETTIGREW, J., concur.
 

 [1]
 

 . NASD Dispute Resolution is a forum wherein disputes between investors, securities firms, and individual registered representatives of securities firms are resolved extrajudi-cially.
 

 [2]
 

 . According to the NASD Uniform Submission Agreement signed by the Aucoins, they agreed to "submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may he asserted, to arbitration....” They further agreed to "abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s)...."
 

 [3]
 

 .
 
 See
 
 and
 
 compare
 
 La. R.S. 9:4201-4217 and 9 U.S.C. §§ 1-16.
 

 [4]
 

 . In the present petition, the Aucoins assert various causes of action and allegations relative to the investment transactions performed by Edward Jones as occurring in only the year 2000.
 

 [5]
 

 . A consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss. Its binding force arises from the voluntary acquiescence of the parties, rather than the adjudication by the court.
 
 Hebert v. Drewitz,
 
 09-0798, p. 3 (La.App. 1st Cir. 10/27/09), 29 So.3d 607, 608.