JOHNSON, J.,
dissents and assigns reasons.
11 This case has had a long and tortuous history. It began in April 1973 when Ha *899 rold Wright, complaining of having a sore throat, visited his physician, who diagnosed the cause as tonsillitis or strep throat. Mr. Wright suffered an allergic reaction to the penicillin prescribed, and eventually became a spastic quadriplegic, suffering total and permanent disability. In the resulting litigation, he received a judgment of approximately $1.7 million.
In the Petition for Interdiction which was filed in the 21st Judicial District Court, the court declared Mr. Wright an interdict, and appointed his wife, Audrey Wright, as his curatrix. The court allowed Mrs. Wright to invest the proceeds from the $1.7 million with A.G. Edwards & Sons, Inc. (“A.G. Edwards”) through one of its investment bankers, Edwin Reardon. Ultimately, Mrs. Wright filed a Petition for Damages against Edwin Reardon, A.G. Edwards, and several other defendants including Morgan Stanley Dean Witter, alleging breach of fiduciary and contractual duties, including violations of federal and state securities law.
What is important to note for purposes of resolving this issue, is that the district court issued an order on September 25, 2003, staying the action against defendants, pending arbitration before the National Association of Securities Dealers, Inc. 1 j>(“NASD”). Mrs. Wright in fact signed the NASD Arbitration Uniform Submission Agreement, consenting to arbitration.
On July 26, 2005, Harold Wright died, which terminated the interdiction proceeding. Shortly thereafter, Harold Asher (“Asher”) was appointed as the succession representative. Asher entered into a Stipulated Judgment in the underlying litigation, which dismissed Edwin Reardon, who admitted to mismanaging the Interdict’s funds. On July 31, 2006, the NASD arbitration panel held that A.G. Edwards was liable for compensatory damages in the amount of $150,000, which was paid by A.G. Edwards and accepted by Asher. The First Circuit Court of Appeal, in Interdiction of Harold Wright, 10-449 (La.App. 1 Cir. 7/22/10), reversed the district court and dismissed Asher’s remaining claims against A.G. Edwards as res judica-ta, stating:
The trial court erred in denying A.G. Edwards and Sons, Inc.’s Exception of Res Judicata. The arbitration proceeding was between the same parties, based on the same alleged wrongful conduct, and awarded the same damages sought in Harold Asher’s Motion for Contempt (which we find to be a misnamed petition for damages, given that there was no injunction issue). Therefore, the arbitration award, albeit unconfirmed, is res judicata and precludes Mr. Asher’s suit. See Aucoin v. Gauthier [35 So.3d 326], 2010 WL 502793 (La.App. 1st Cir.2/12/10), writ granted, (La.6/18/10), [38] So.2d [312]. [sic] Accordingly, the exception is hereby granted, dismissing the claims of Harold Asher against A.G. Edwards and Sons, Inc.
I agree with the court of appeal.
LSA-R.S. 9:4209 allows, but does not require, confirmation of an arbitration award. The statute provides “any party may apply to the court” to vacate, modify, or correct an arbitration award. The term “may” is permissive, not mandatory. Had the legislature intended to make it mandatory to confirm an arbitration award before it could be given preclusive effect, it would have used the term “shall” instead of “may.”
lain the case sub judice, neither party filed a motion to vacate, modify, or correct the award within the prescribed time limits. Since both Mrs. Wright, as curatrix, and A.G. Edwards agreed contractually to arbitrate their dispute, and agreed to be *900 bound by the arbitration award, the arbitration is final and binding on the parties.
Louisiana’s doctrine of res judicata, as defined by LSA-R.S. 13:4281, is intended to increase judicial efficiency, and to protect the defendants against the unnecessary burdens of litigation arising from repeated lawsuits. Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 1995-0671 (La.1/16/96), 666 So.2d 624. Under “issue preclusion”, resolution of an issue of fact or law essential to determination of the dispute precludes re-litigation of the same issue in a different action between the same parties. In my view, an unconfirmed arbitration award may have preclu-sive effect in a subsequent proceeding involving the same parties, based on the same wrongful conduct, and seeking the same damages, especially where, as here, the petitioner has accepted payment of the monies awarded in the arbitration process, thereby acquiescing in the award.