liPER CURIAM *
After the favorable federal court judgment in this medical malpractice action, plaintiff sought further medical benefits from the Patient’s Compensation Fund Oversight Board, who denied the claim. Plaintiff sought review of the denial under La.Rev.Stat. 40:1299.43(B)(1), which provides that the district court has “continuing jurisdiction to determine the need for future medical care and related benefits.” The attorneys for both sides mutually agreed that the application for review should be filed in federal court. The federal court, however, dismissed the application, on the basis that a state statute could not grant jurisdiction to a federal court. Review was then sought in the Nineteenth Judicial District Court under La.Rev.Stat. 49:964 B.
The Board filed peremptory exceptions of no cause of action and res judicata, which the trial court maintained. The court of appeal affirmed, but did so on a different basis, supplying on its own an exception of peremption.
The application for review was filed timely under La.Rev.Stat. 40:1299.43(B)(1). Whether or not the federal court had jurisdiction did not effect the ^timeliness of the filing, which was done timely under a state statute. The period of limitation, whether peremptive or prescriptive, had not run when the application for review was filed under the state statute, and the filing in the Nineteenth Judicial District Court, necessitated by the federal court’s denial of jurisdiction, should not have been dismissed on prescription or per-emption.
For the foregoing reasons, the decision of the court of appeal maintaining an exception of prescription is reversed and the case is *429 remanded to the trial court for further proceedings.
VICTORY and TRAYLOR, JJ., concur.

 Marcus, J., not on panel.