McCLENDON, J.
 

 12This is an appeal by a third-party defendant from a trial court judgment that granted the plaintiffs’ motion to strike eer-tain paragraphs from the third-party defendant’s answer to the plaintiffs’ petition and also granted the plaintiffs’ motion to strike the cross-claim filed by the third-party defendant against the plaintiffs. For the reasons that follow, we affirm in part, reverse in part, and remand.
 

 FACTUAL AND PROCEDURAL HISTORY
 

 On March 20, 2007, the plaintiffs, Mark Buras and Maria Buras, filed a petition for damages and declaratory judgment against the defendants, Parish of Tangipahoa, Louisiana (Tangipahoa Parish) and Sewerage District No. 1 of Tangipahoa Parish, Louisiana (Sewerage District).
 
 [1]
 
 The plaintiffs asserted that they are the owners of certain immovable property located in Na-talbany and that the defendants placed large sewer pipes and sewer lines on the plaintiffs’ property without lawful authority, thereby causing damage to them and to their property. The plaintiffs further requested that the defendants be ordered to remove the sewer lines and other fixtures, and asserted that they were entitled to a declaratory judgment that the defendants have no lawful right to place sewer lines on their property without first compensating them for the wrongful taking. Tangipahoa Parish answered the petition claiming that the sewer pipes, sewer lines, and other permanent fixtures were placed on the plaintiffs’ property with plaintiffs’ permission and acquiescence and in connection with a Louisiana Community Development Block Grant program to provide a community sewerage system in the unincorporated areas of Natalbany. Tangipahoa Parish also named Robert G. Barrilleaux & Associates, Inc. (Barrilleaux) as a third-party defendant, asserting that Barrilleaux un
 
 *1068
 
 dertook the job of obtaining written servi-tudes and usage agreements from the plaintiffs and as such was responsible to indemnify Tangipahoa Parish in the event the plaintiffs were successful on the main | .^¡demand. The Sewerage District also answered the petition generally denying its allegations.
 

 On September 28, 2007, Barrilleaux filed a “Verified Answer to Petition, Answer to Third Party Demand, and Cross-Claim Demand.” In paragraphs 1 through 6, Barrilleaux answered the plaintiffs’ petition against Tangipahoa Parish and the Sewerage District, generally denying the plaintiffs’ allegations. Also, in paragraphs 7 through 10 of its answer to the petition, Barrilleaux raised defenses to the allegations of the plaintiffs’ petition. Further, in paragraphs 11 through 19, Barrilleaux generally denied and set forth affirmative defenses to the allegations of the third-party demand of Tangipahoa Parish. Lastly, in paragraphs I through VIII of the pleading, Barrilleaux asserted a “cross-claim” demand against the plaintiffs, contending that the plaintiffs gave verbal permission and instructions to install the sewerage fixtures and agreed to subsequently execute a written agreement in exchange for a waiver of sewerage district impact fees valued at over $40,000. Third-party defendant Barrilleaux contended that the plaintiffs’ false statements and misrepresentations resulted in a fraud upon it, entitling Barrilleaux to damages from the plaintiffs.
 

 In response to the September 28, 2007 pleading, the plaintiffs filed, on April 9, 2008, a “Rule to Strike” requesting the trial court to strike Barrilleaux’s answer to the plaintiffs’ petition (paragraphs 1 through 10) because Barrilleaux was not made a defendant to the original petition and to strike Barrilleaux’s cross-claim against them as unauthorized because Bar-rilleaux is not a “co-party” under the Louisiana Code of Civil Procedure. The plaintiffs also filed several exceptions, including the dilatory exception raising the objection of improper cumulation of actions and the peremptory exceptions raising the objections of prescription, no right of action, and no cause of action.
 

 Following a hearing on the motion to strike, the trial court ruled in favor of the plaintiffs, ordering that Barrilleaux’s answer to the original petition (paragraphs 1 through 10) be stricken from the record
 
 ab initio,
 
 that the cross-claim of Barrilleaux against the plaintiffs (paragraphs I through VIII) be stricken l/rom the record
 
 ab initio,
 
 and that the exceptions filed by the plaintiffs be dismissed as they were rendered moot by the granting of the motion to strike. Judgment was signed on August 26, 2008.
 
 [2]
 
 There were no written or oral reasons for judgment. Barrilleaux appealed, asserting that the trial court erred in granting the motion to strike its answer to the plaintiffs’ petition and its cross-claim against the plaintiffs.
 

 APPLICABLE LAW
 

 Incidental Actions
 

 Louisiana Code of Civil Procedure article 1031, relative to incidental demands, provides, as follows:
 

 A. A demand incidental to the principal demand may be instituted against an adverse party, a co-party, or against a third person.
 

 B. Incidental demands are reconvention, cross-claims, intervention, and the demand against third parties.
 

 
 *1069
 
 Cross-claims are addressed in LSA-C.C.P. art. 1071, which provides:
 

 A party by petition may assert as a cross-claim a demand against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or a reconventional demand or relating to any property that is the subject matter of the original action. The cross-claim may include a demand that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of the demand asserted in the action against the cross-claimant.
 

 Demands against third parties are addressed in LSA-C.C.P. art. 1111, which provides:
 

 The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.
 

 In such cases the plaintiff in the principal action may assert any demand against the third party defendant arising out of or connected with the principal demand. The third party defendant thereupon shall plead his objections and defenses in the manner prescribed in Articles 921 through 969, 1003 through 1006, and 1035. He may reconvene against the plaintiff in the principal action or the third party plaintiff, on any demand arising out of or connected with the principal demand, in the manner prescribed in Articles 1061 through 1066.
 

 |sThe third-party defendant may assert against the plaintiff in the principal action any defenses which the third-party plaintiff has against the principal demand. LSA-C.C.P. art. 1115. Additionally, a third-party defendant may proceed under LSA-C.C.P. arts. 1111 through 1115 against any person who is or may be liable to him for all or any part of the third-party demand. LSA-C.C.P. art. 1116.
 
 [3]
 

 Motion, to Strike
 

 Louisiana Code of Civil Procedure article 964 provides, as follows:
 

 The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter.
 

 Generally, motions to strike are viewed with disfavor and are infrequently granted. They are disfavored because striking a portion of a pleading is a drastic remedy and because they are often sought by the movant simply as a dilatory tactic.
 
 Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp.,
 
 01-0345, pp. 6-7 (La.App. 3 Cir. 6/20/01), 790 So.2d 93, 98,
 
 writ denied,
 
 01-2115 (La.7/26/01), 794 So.2d 834. A motion to strike is not an authorized or proper way to procure the dismissal of a complaint or a cause of action.
 
 Pitre v. Opelousas Gen. Hosp.,
 
 530 So.2d 1151, 1162 (La.1988).
 

 DISCUSSION
 

 Barrilleaux initially argues that the trial court erred in striking its answer to the plaintiffs’ petition. However, Barril-leaux was not made a defendant in the original action filed by the plaintiffs, but was made a third-party defendant by Tan-gipahoa Parish, the third-party plaintiff. “A third party demand does not make the third party defendant a party to the principal demand.” Frank L. Maraist, 1
 
 Louisiana Civil Law Treatise
 
 § 7:4 (2nd ed. 2008). It is only when the plaintiff in the principal demand asserts a demand against
 
 *1070
 
 the third-party defendant arising out of or connected with the principal demand that the third-party defendant must plead his objections and defenses in the manner prescribed by Article 1111.
 
 See
 
 LSA-C.C.P. art. 1111. Unquestionably, as the 1 (¡plaintiffs never asserted any demand against Barrilleaux, Barrilleaux’s answer to the plaintiffs’ petition was procedurally improper and insufficient.
 
 See
 
 LSA-C.C.P. art. 964. Accordingly, the trial court did not err in striking from the record
 
 ab initio
 
 paragraphs 1 through 6 of Barrilleaux’s answer to the plaintiffs’ petition against Tangipahoa Parish and the Sewerage District, which answer generally denied the allegations of the principal demand.
 

 However, in paragraphs 7 through 10 of its answer, Barrilleaux raised defenses to the allegations of the plaintiffs’ petition that were substantially the same as those raised by Tangipahoa Parish in its answer. Since LSA-C.C.P. art. 1115 permits a third-party defendant to assert against the plaintiff in the principal action any defenses which the third-party plaintiff has against the principal demand, Bar-rilleaux’s assertion of such defenses was proper under Article 1115. Accordingly, paragraphs 7 through 10 of Barrilleaux’s answer were properly before the court, and the trial court erred in striking from the record
 
 ab initio
 
 said paragraphs.
 

 As to Barrilleaux’s “cross-claim” (paragraphs I through VIII), Barrilleaux asserts that it has filed a proper cross-claim against the plaintiffs and that the trial court erred in striking the cross-claim from the record. However, the plaintiffs contend that Barrilleaux is not a “co-party,” and, therefore, the pleading is not a cross-claim and was properly stricken.
 

 In the federal system, a cross-claim is properly asserted against a party having a like status, such as a co-defendant. Ma-raist, 1
 
 Louisiana Civil Law Treatise
 
 § 7:5. In 1983, when the Louisiana legislature adopted a cross-claim procedure, it did not define a “co-party.” “However, as in the federal system, a ‘co-party’ logically is one who is at the same functional level in the lawsuit, i.e., two plaintiffs in the original action, two defendants in the original action, or two defendants in a third party demand.”
 
 Id.
 

 Therefore, Barrilleaux’s claim against the plaintiffs does not appear to be a valid cross-claim. However, the improper label given to Barrilleaux’s claim is of no import because a pleading is construed for what it really is, not for what it is 17erroneously called.
 
 See Draten v. Winn Dixie of Louisiana, Inc.,
 
 94-0767, p. 3 (La. App 1 Cir. 3/3/95), 652 So.2d 675, 676. The true nature of the pleading is therefore the determinative factor.
 
 See
 
 LSA-C.C.P. art. 865.
 

 The Louisiana Code of Civil Procedure authorizes a third-party defendant to proceed against any person who is or may be liable to him for all or any part of the third-party demand. LSA-C.C.P. art. 1116. This language is clear and unambiguous. Pursuant to Article 1116, Barril-leaux may proceed against the plaintiffs in the principal demand by a third-party demand. Accordingly, although Barrilleaux’s claim against the plaintiffs may have been more appropriately labeled a third-party demand, it was properly before the court. This analysis is consistent with the desire to promote judicial efficiency by recognizing the third-party defendant’s right to assert all causes of action he may have against the principal plaintiff arising out of the transaction or occurrence that is the subject matter of the lawsuit. We further note that based on our finding, it is not necessary to address whether the motion to strike was the appropriate procedural vehicle for dismissing Barrilleaux’s “cross claim.”
 

 
 *1071
 
 Therefore, we conclude that the trial court erred in granting the motion to strike and dismissing the claims of Barril-leaux found in its third-party demand, which was erroneously titled a “cross-claim.” We also find that the trial court erred in granting the motion to strike and dismissing the defenses of Barrilleaux to the principal demand found in paragraphs 7 through 10 of its answer to the plaintiffs’ petition. Consequently, we reverse that portion of the trial court judgment striking from the record
 
 ab initio
 
 paragraphs I through VIII of Barrilleaux’s “cross-claim,” and we reverse that portion of the trial court judgment striking from the record
 
 ab initio
 
 paragraphs 7 through 10 of Barrilleaux’s answer to the principal demand.
 

 CONCLUSION
 

 Based on the foregoing, we affirm that portion of the trial court judgment striking from the record
 
 ab initio
 
 paragraphs 1 through 6 of Barrilleaux’s answer to the original petition of the plaintiffs, reverse that portion of the trial court ^judgment striking from the record
 
 ab initio
 
 paragraphs 7 through 10 of Barrilleaux’s answer to the original petition of the plaintiffs, reverse that portion of the trial court judgment striking from the record
 
 ab ini-tio
 
 the “cross-claim” of Barrilleaux (paragraphs I through VIII), and remand for further proceedings consistent with this opinion. Costs of this appeal shall be shared equally by the plaintiffs, Mark Bu-ras and Maria Buras, and third-party defendant, Robert G. Barrilleaux & Associates, Inc.
 

 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 

 [1]
 

 . The correct names of the defendants are the Tangipahoa Parish Council-President Government and Sewerage District No. 1 of the Parish of Tangipahoa.
 

 [2]
 

 . In response to a "Motion to Designate Final Judgment” filed by Barrilleaux, the trial court signed an order on September 23, 2008, that the August 26, 2008 judgment be designated and certified as a final appealable judgment pursuant to LSA-C.C.P. art. 1915 B.
 

 [3]
 

 . We note that Articles 1112 through 1114 are not applicable to our discussion herein.