HIGGINBOTHAM, J.
I ¡/This appeal arises out of a claim by Chantrell L. Swan, individually and on behalf of her minor son, Kai Swan, for future custodial medical care. Ms. Swan’s claim is related to a medical malpractice case concerning injuries sustained by her son shortly after he was born in December 2002. The Nineteenth Judicial District Court (19th JDC) issued a judgment on April 13, 2016, dismissing Ms. Swan’s claim against the Louisiana Patient’s Compensation Fund Oversight Board in its entirety, finding that the claim was perempt-ed. After the case was dismissed, Ms. Swan sought both a writ of review and an appeal regarding the 19th JDC’s judgment. Another panel of this Court denied Ms. Swan’s motion to consolidate her writ application with her appeal after the writ had already been referred to this appeal panel for consideration. Because the 19th JDC’s judgment dismissed Ms. Swan’s case in its entirety, it is a final and appeal-able judgment; therefore, we deny her writ application. We now consider the merits of Ms. Swan’s appeal.
BACKGROUND
This case has a lengthy, circuitous procedural history. In 2003, Ms. Swan filed a medical malpractice suit in the Thirty-Second Judicial District Court (32nd JDC) against several health care providers. In that lawsuit, Ms. Swan alleged that her newborn son had sustained injuries and damages due to the health care providers’ negligent treatment that resulted in her son developing a severe brain injury from complications of sepsis, meningitis, and hydrocephalus. Consequently, Ms. Swan’s son requires constant custodial care, which up until the time of trial was always provided by Ms. Swan and other family members. Ms. Swan ultimately settled with her son’s doctor and insurer for $100,000.00, and then proceeded against the Louisiana Patient’s Compensation Fund (PCF) for excess damages.
At the medical malpractice trial in May 2008, the parties stipulated that Ms. Swan’s son is a patient in need of future medical care and related benefits and that lathe damages exceeded the $500,000.00 medical malpractice limitation. On August 22, 2008, the 32nd JDC judge signed a judgment awarding $500,000.00 in damages, subject to a credit in favor of the PCF for the $100,000.00 settlement. The judgment also awarded future medical expenses and amounts incurred by Ms. Swan and her son from the date of the malpractice until the date of trial in the amount of $561,256.00. This amount included a custo *552 dial care rate of $15.00 per hour for a total of sixteen hours per day, subject to deduction for hours when Ms. Swan’s son was in day care and/or in school. The judgment also stated that the 32nd JDC retained continuing jurisdiction with respect to future medical care and related benefits needed by Ms. Swan’s son. No appeal was taken from that judgment, which is now final.
After the 32nd JDC’s judgment was rendered, the PCF assumed responsibility for the direct payment of Ms. Swan’s son’s future medical care and benefits in accordance with its medical fee schedule, at a reimbursement rate of $7.32 per hour for custodial care provided by family members. In May 2009, Ms. Swan filed a motion to compel in the 32nd JDC, requesting that the 32nd JDC assert its continuing jurisdiction and compel the PCF to pay for custodial care provided for Ms. Swan’s son at the rate of $15,00 per hour as previously awarded in the medical malpractice final judgment. After a hearing, the 32nd JDC judge denied the motion, noting that the $15.00 per hour rate applied only to future medical care that had accrued from the date the suit was filed to the date of trial* The judgment also stated that the $7.32 per hour custodial rate established by the PCF’s reimbursement schedule applied to Ms. Swan’s son’s future medical care incurred after trial, unless Ms. Swan undertook the proper procedure for requesting and receiving a waiver of the PCF’s standard custodial care rate for family members.
The 32nd JDC judge directed Ms. Swan to request an administrative hearing with the Louisiana Patient Compensation Fund Oversight Board (PCFOB) 1 ¿concerning the rate waiver. Ms. Swan proceeded as directed and the PCFOB hearing was held in May 2011. On July 14, 2011, the PCFOB issued a final decision denying Ms. Swan’s request, to waive the standard $7.32 hourly reimbursement custodial care rate for care provided by family members. Notice of the PCFOB’s final decision was transmitted to all parties on July 18,2011.
On August 15, 2011,. Ms. Swan filed a motion in the 32nd JDC medical malpractice action, appealing the final decision of the PCFOB that denied her the reimbursement rate request of $15.00 per hour for custodial- care for her son. Service of process was made on the PCF’s attorney of record in the medical malpractice proceeding on August 26, 2011, rather than on the PCFOB. Nevertheless, the PCFOB filed a declinatory exception raising the objection of improper venue in response, arguing that the proper venue for review of a final decision by the PCFOB is in the 19th JDC and not in the 32nd JDC.
Following a hearing, the 32nd JDC ruled that it' had continuing jurisdiction with "respect to future medical care and related benefits for Ms. Swan’s son, and denied PCFOB’s exception of improper venue. The PCFOB filed a writ application in this Court, seeking supervisory review of the 32nd JDC’s decision denying the exception of improper venue. On May 12, 2012, this Court granted the PCFOB’s writ, ruling .that under the operative facts, ie., the PCFOB’s decision to not waive its standard family-member custodial care rates actually occurred where the PCFOB is located in East Baton Rouge Parish. Accordingly, this Court reversed the 32nd JDC and ruled that the 19th JDC was the only parish of proper venue for judicial review of. the PCFOB’s decision. Ms. Swan sought a writ of review with the Supreme Court, but her writ application was denied. Swan v. Bayou Pediatric Associates, APMC, 2011-2171 (La. App. 1st Cir. 3/12/12) (unpublished), writ denied, 2012-0734 (La. 6/1/12), 90 So.3d 441.
*553 |fiMany months after the Supreme Court’s writ denial on the venue issue was final, on March 26, 2013, Ms. Swan filed a' motion in the 32nd JDC to transfer her appeal/request for review of the PCFOB’s final decision to the 19th JDC. The 32nd JDC ordered the transfer of the entire medical malpractice suit record to the 19th JDC on April 3, 2013. Almost a year later, on February 20, 2014, Ms. Swan filed a motion for appeal/review of the PCFOB ⅛ final decision in the 19th JDC. The PCFOB promptly filed more exceptions, raising the objections of peremption, lack of subject matter jurisdiction, insufficient citation and service of process, and . prematurity. Ms. Swan opposed the exceptions.
After a hearing held in the 19th JDC and a two-year delay, the 19th JDC signed a judgment on April 13, 2016, sustaining the PCFOB’s exception of peremption, finding that Ms. Swan’s action for judicial review of the PCFOB’s 2011 final decision was perempted, because the review was not sought in the proper venué within thirty days of the notice transmitting the PCFOB’s final decision to all of the parties, as required by the Louisiana Administrative Procedure Act. La. R S. 49:950, et seq,[1] The 19th JDC judgment dismissed Ms. Swan’s request for judicial review of the PCFOB’s 2011 decision in its entirety. The judgment rendered by the ■19th JDC also declared that all other exceptions raised by the PCFOB were mooted as a result of the peremption ruling.
Ms. Swan timely sought a writ of review, as well as a timely appeal of the 19th JDC’s judgment. As stated earlier, Ms. Swan’s application for a supervisory writ of review was referred to this appeal panel for consideration along with the appeal. However, because the 19th JDC’s judgment entirely dismissed Ms. Swan’s case, it is a final and appealable judgment. Therefore, |fiwe deny Ms. Swan’s writ application, but we will consider her appeal. See La. Code Civ. P. arts. 1841 and 2083. See also La. R.S. 49:965.[2]
LAW AND ANALYSIS
When reviewing an administrative final decision in an adjudication proceeding, the district court functions as an appellate court. On review of the district court’s judgment, no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Maraist v. Alton Ochsner Medical Foundation, 2002-2677 (La. App. 1st Cir. 5/26/04), 879 So.2d 815, 817. Consequently, this Court will conduct its own independent review of the record.
In her first assignment of error, Ms. Swan invites this Court to revisit our previous ruling regarding the proper venue for a petition for judicial review of a final decision issued by the PC-FOB.[3] *554 However, we apply the discretionary law of the case doctrine and refuse to reconsider this argument. Further, we are bound by Louisiana Supreme Court’s decision in Colvin v. Louisiana Patient’s Compensation Fund Oversight Bd., 2006-1104 (La. 1/17/07), 947 So.2d 15, 27, holding that the 19th JDC is the proper venue for actions seeking review of the PCFOB’s administrative decisions, which take place in East Baton Rouge Parish where the administrative decision was made and where the operative facts that support the plaintiffs potential entitlement to recovery occurred. Moreover, the law 17of the case principle reflects the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case, where the former appellate decision was not clearly erroneous or will cause manifest injustice. See East Baton Rouge Parish School Bd. v. Wilson, 2008-0536 (La. App. 1st Cir. 6/6/08), 992 So.2d 537, 543, writ denied, 2008-1479 (La. 12/12/08), 997 So.2d 560. Another panel of this Court previously considered the venue issue and found that the proper venue for review of a PCFOB final decision is in the 19th JDC. We are not convinced that our Court’s ruling is palpably erroneous or that a manifest injustice will occur in this instance. Thus, we will not consider the venue issue again.
We further find that the case cited by Ms. Swan, Watkins v. Lake Charles Memorial Hospital, 2013-1137 (La. 3/25/14), 144 So.3d 944, 953-54, has no impact on our previous venue ruling. The Watkins case held that where there is a prior district court ruling in the underlying medical malpractice case that orders the payment of specific future medical care, then the district court has continuing jurisdiction to enforce its prior ruling until the PCF files a motion to change that ruling with proper evidence. Id. In this case, however, the 32nd JDC only set a value on custodial care accrued through the date of trial, not for payment of a specific custodial care rate in the future. Thus, there is no existing district court order that the PCF has violated and which the 32nd JDC has continuing jurisdiction to enforce. In this case, there is an administrative decision by the PCFOB regarding the appropriate value for the payment of future custodial care provided by family members according to a reimbursement schedule. That issue is the subject of a petition for judicial review filed in the exclusive jurisdiction of the 19th JDC. Therefore, we find no merit to Ms. Swan’s first assignment of error.
In her second assignment of error, Ms. Swan argues that there is no applicable prescriptive period as to provisions for the payment of future medical expenses under the Louisiana Medical Malpractice Act (MMA). La. R.S. 40:1231.1, et seq. She | ^further maintains that because her medical malpractice action has already undergone a full trial on the merits, and because the 32nd JDC has already entered a final judgment finding that her son is a patient in need of future medical care at the rate of $15.00 per hour for custodial care, the 32nd JDC has sole continuing jurisdiction under the MMA to review the denial of claims by the PCFOB, pursuant to La. R.S. 40:1231.3(E)(1). We find no merit to this argument.
The Louisiana Supreme Court in Kelty v. Brumfield, 93-1142 (La. *555 2/25/94), 633 So.2d 1210, 1217-18, discussed the limited role given the district courts under the future medical care and related benefits provisions of the MMA, in that the district courts are not vested with original jurisdiction or decision making responsibility over future medical care claims. Id., 633 So.2d at 1218. The PCFOB is responsible for the “management, administration, operation, and defense” of the PCF. La. R.S. 40:1231.4(D)(2)(a). The PCFOB has exclusive jurisdiction over future medical care and related care claims by medical malpractice victims. Kelty, 633 So.2d at 1218. Included in the PCFOB’s exclusive jurisdiction is the authority to receive, evaluate, pay, settle, and reject claims. Louisiana Patients Compensation Fund Oversight Bd. v. Edwards, 41,-594 (La. App. 2d Cir. 12/20/06), 945 So.2d 975, 977. Additionally, the PCFOB’s authority reasonably includes the authority to set reimbursement rates for services. See Id. See also LAC 37:III:1917(B)(2) (recognizing that the PCFOB is permitted to set rates for custodial care provided by members of a patient’s family or household).
Finally, we agree with the PCFOB’s contention that Ms. Swan’s request for review is perempted; therefore, we pretermit any discussion of the merits of Ms. Swan’s petition for judicial review of the PCFOB’s final decision. The period of time fixed by the governing statute for review of the PCFOB’s decisions is per-emptive, rather than prescriptive. Labiche v. Louisiana Patients’ Compensation Fund Oversight Bd., 96-1310 (La. App. 1st Cir. 5/9/97), 699 So.2d 408, 410, reversed on other grounds, 97-2765 (La. 2/20/98), 706 So.2d 428 (per curiam). Per-emption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. Civ. Code art. 3458. Peremption may not be renounced, interrupted, or suspended. La. Civ. Code art. 3461.
Louisiana Revised Statute 49:964(B) provides that any proceeding for review of a final decision of an administrative agency (such as the PCFOB) must be initiated by “filing a petition in the district court of the parish in which the agency is located within thirty days after the transmittal of notice of the final decision.” Id. Further, the petition “shall be served upon the agency and all parties of record.” In this case, the notice of the PCFOB’s final decision was sent on July 18, 2011. Ms. Swan’s first attempt to seek judicial review was timely filed in the 32nd JDC, but it was filed in the wrong court, the PCFOB was not served, and the attorney of record for the PCF in the medical malpractice litigation was served after the thirty-day time period had expired. Ms. Swan’s second attempt to seek judicial review was eventually filed in the correct court, the 19th JDC, but not until over two years later, on February 20, 2014, which was well after the thirty-day peremptive period had lapsed, and again, service was not properly made on the PCFOB.
In order for a right that is subject to peremption to be considered exercised, an action must be commenced in a court of competent jurisdiction and venue, along with proper service within the peremptive period. Furthermore, where a lawsuit is concluded, as by final judgment or dismissal, a second lawsuit after the expiration of the peremptive period cannot be maintained, since the first suit is no longer pending and the right has expired. See Farrell v. Farrell, 555 So.2d 39, 41 (La. App. 1st Cir. 1989). Under any scenario, Ms. Swan’s right to appeal the PCFOB’s final decision is perempted. Thus, the 19th JDC properly sustained the PCFOB’s |inexception of peremption and *556 dismissed Ms. Swan’s action in its entirety. We find no merit in Ms. Swanis third assignment of error.
CONCLUSION,
For the assigned reasons, we deny Chantrell L. Swan’s application for supervisory writ and we affirm the 19th Judicial District Court’s judgment dated April 13, 2016, sustaining the Patient Compensation Fund Oversight Board’s peremptory exception raising the objection of peremption, dismissing the case in its entirety. All costs of this appeal are assessed to Chant-rell L. Swan.
WRIT DENIED; JUDGMENT AFFIRMED.

. Louisiana Revised Statute 49:964 provides that a person who is aggrieved by a final decision or order of an agency after an adjudication proceeding is entitled to seek judicial review by filing a petition within thirty day s after transmittal of the notice of the judgment in the district court of the parish in which the agency is located.

. After the district court has rendered its judgment, "[a]n aggrieved party may obtain a review of any final judgment of the district court by appeal .to the appropriate circuit court.of appeal... [and] [t]he appeal shall be taken as in other civil cases.” La., R.S, 49:965.

.Ms. Swan improperly labeled her requests and petitions for judicial- review of the PCFOB’s final decision as a motion to appeal or review; however; the improper label given to Ms. Swan’s petition for judicial review is of no import, because a pleading is construed for what it really is, pot for what it is erroneously called. The true nature of the pleading *554 is the determinative factor. Buras v. Parish of Tangipahoa, 2008-2429 (La. App. 1st Cir. 9/23/09), 28 So.3d 1066, 1070. The motion was properly treated by the 19th JDC as a petition for judicial review of an administrative adjudication, which is begun by filing a petition for review in the appropriate district court of the parish in which the agency is located. La. R.S. 49:964(B).