STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 0070

ANTHONY MISITA AND GLENN AND LINDA TORRES

VERSUS

GERALD CAIME, JR. AND HOPE L. CAIME, DANE P. CLEMENT AND
MARITZA P. CLEMENT, ROBERT E. COE AND LILLIAN S. COE,
COSMOS INDUSTRIES, LLC, JOHN B. EASTERLY, III AND LINDA L.
EASTERLY, THOMAS W. FITZGERALD AND CHRISTINE LEE
FITZGERALD, GARTH D. HERNANDEZ, III, AND ANASTASIA
HERNANDEZ, MICHAEL F. LOMBARDINO AND CARIN P.
LOMBARDINO, JASON R. MARTIN AND JENNIFER M. MARTIN,
KAREN G. MEYER AND JOHN F. MEYER, III, JAMES FERDINAND
NEYREY AND SUZANNE D. NEYREY, FIRST HORIZON, INC, ONE
CONSORT INTERNATIONAL, LLC AND JOHN MAMOULIDES, JAMES
W. PORTER, REDI COMM INDUSTRIES, LLC, MALCOLM P SCHULER,
JR. AND LISA NEWELL SCHULER, AND CHRISTOPHER PAUL
STARKEY AND TAMMY TERREBONNE STARKEY

*Judgment Rendered:* APR 0 3 2023

* * * * * * * *

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 201915014, Division I

The Honorable Reginald T. Badeaux, III, Judge Presiding

* * * * * * * *

Louis R. Koerner, Jr.
New Orleans, Louisiana
and
Pierre V. Miller, II
New Orleans, Louisiana

Counsel for Plaintiffs/Appellants
Anthony Misita and
Glenn and Linda Torres

Roy L. Schroeder
New Orleans, Louisiana

Counsel for Defendants/Appellees
Linda Easterly and John B.
Easterly

Morgan J. Wells, Jr.                     Counsel for Defendants/Appellees
Evan J. Godofsky                         One Consort International, LLC,
Metairie, Louisiana                      John Mamoulides, Artesian
                                         Services, LLC and David Guidry


Thomas P. Anzelmo                        Counsel for Defendant/Appellee
Lynda A. Tafaro                          St. Tammany Parish Government
New Orleans, Louisiana

\* \* \* \* \* \* \* \*


**BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.**

**THERIOT, J.**

In this appeal, plaintiffs seek review of the trial court's denial of their request for leave to file cross-claims and assessment of sanctions. For the reasons set forth herein, we affirm.

## FACTS AND PROCEDURAL HISTORY

This appeal arises from one of at least three lawsuits filed in the Twenty-Second Judicial District Court by plaintiffs, Anthony Misita and Glenn and Linda Torres (collectively "plaintiffs"), involving an alleged manipulation of the natural hydrology of the Lake Ramsey area of St. Tammany Parish that resulted in flooding of plaintiffs' land.

The plaintiffs' first suit, Docket No. 2013-14638, was filed on October 2, 2013, and allotted to Division C, Judge Richard A. Swartz. In the Division C suit, plaintiffs alleged that their property, located on Major Lane in St. Tammany Parish, sustained damage from flooding due to the actions or inactions of the defendants surrounding the development of Lake Ramsey Subdivision. The defendants in the Division C suit were the developers of Lake Ramsey Subdivision: John Mamoulides, One Consort International, L.L.C. ("OCI"), Lakelots, Inc., Lake Ramsey Development, Intrepid, Inc., and Southeast Investments, LLC; the St. Tammany Parish Government ("STPG") and individual STPG elected officials and/or employees: Paul Carroll, Kevin Davis, Joey Lobrano, Brian K. Fortson, and James A. "Red" Thompson; Artesian Utility Company, Inc. (a subcontractor of OCI) and its president, David Guidry; and the Homeowners Association of Lake Ramsey, Inc. Plaintiffs sought injunctive relief, damages, attorney fees, and declaratory judgment.

Although plaintiffs were granted leave to amend their petition in the Division C suit three times,[1] Judge Swartz denied plaintiffs' February 26, 2018 and April 26, 2019 requests for leave to amend their petition again. Plaintiffs' proposed amendments sought to add a number of new defendants to the Division C suit: the individual homeowners in Lake Ramsey Subdivision; Artesian Services, LLC[2] (a subcontractor of OCI); and Colony Specialty Insurance Company/Argo Group (OCI's insurer). At the hearing on plaintiffs' February 26, 2018 request to amend their petition, Judge Swartz suggested that plaintiffs file a separate action against the new defendants, explaining that he believed that bringing in new defendants at that stage in the litigation would delay the proceedings and prejudice the new defendants, who "have not had the benefit of everything that has gone on prior to this date." Plaintiffs' counsel expressed that he had no objection to filing a separate action against the new defendants, and thereafter plaintiffs filed two additional suits in the Twenty-Second Judicial District Court. Plaintiffs also appealed Judge Swartz's denial of their requests to amend their petition in the Division C suit, but the denial was ultimately upheld on appeal. See *Masita v. Maumoulides*, 2020-0952 (La.App. 1 Cir. 11/15/21), 341 So.3d 11, *writ granted, judgment aff'd in part, rev'd in part on other grounds sub nom., Misita v. Maumoulides*, 2022-00266 (La. 4/26/22), 336 So.3d 886 (per curium).

Following Judge Swartz's denial of plaintiffs' requests to file additional amending petitions in the Division C suit, plaintiffs filed a second lawsuit in the Twenty-Second Judicial District Court on August 29, 2019. This second suit, Docket No. 2019-14575, was allotted to Division F, Judge Vincent Lobello. In the Division F suit, plaintiffs asserted the claims against Artesian Services, LLC and Colony Insurance Company (insurer of OCI, Artesian Services, LLC and its

---

[1] Plaintiffs filed a First Supplemental and Amended Petition on December 27, 2013; a Second Amending Petition on August 29, 2014; and a Third Amending Petition for Damages on October 21, 2016.

[2] Artesian Services, LLC was previously incorrectly named as a defendant in the Division C suit as Artesian Utility Company, Inc.

4

predecessor entity, and David Guidry) that they had previously attempted to assert in the Division C suit. Plaintiffs' petition in the Division F suit states that "[t]he underlying facts upon which petitioners rely and the factual bases for the claims and causes of action against the defendants named herein are as set forth in the various petitions and amended petitions in [the Division C suit] and are incorporated herein by reference as if copied herein *in extenso*[.]" Plaintiffs subsequently filed an amended petition in the Division F suit to add STPG and OCI as defendants, alleging (as they had in the Division C suit) that the actions or inactions of the defendants resulted in flooding on plaintiffs' properties and requesting damages. STPG and OCI filed exceptions of lis pendens in the Division F suit, and plaintiffs filed a motion requesting that Judge Lobello transfer the Division F suit to Division C.[3] The trial court sustained STPG and OCI's exceptions of lis pendens, dismissing plaintiffs' claims in the Division F suit against them, and denied plaintiffs' motion to transfer the suit to Division C.

On September 23, 2019, the plaintiffs filed a third suit, Docket No. 2019-15014, in the Twenty-Second Judicial District Court, which was allotted to Division I, Judge Reginald Badeaux, III, and from which this appeal is taken. In the Division I suit, plaintiffs asserted claims against OCI, as the developer of Phase IV-A of Lake Ramsey Subdivision, and a number of individual homeowners or lot owners in Lake Ramsey Subdivision, including OCI and John Mamoulides as owners of an individual lot. Plaintiffs alleged, as they did in their Division C and Division F suits, that their properties sustained damage from flooding caused by the development of Lake Ramsey Subdivision. They further alleged that beginning in 2016, the homeowner defendants and lot owner defendants (other than OCI and Mamoulides) purchased property in Lake Ramsey Subdivision, and thereafter,

---

[3] In addition to requesting that Judge Lobello transfer the Division F suit to Division C, and despite the fact that Judge Swartz's denial of their requests to amend their petition in the Division C suit was pending on appeal, plaintiffs filed another motion in Division C on March 10, 2020, requesting leave to file a Second Supplemental and Fifth Amending Petition in order to add Artesian Services, LLC and Colony Insurance as defendants and to assert new causes of action. This motion was denied by Judge Swartz on October 12, 2020.

"acts of man" were constructed that increased the amount and burden of flooding on plaintiffs' properties. Plaintiffs sought injunctive relief and reserved the right to assert claims for damages at a later date.

OCI and Mamoulides filed a declinatory exception raising the objection of lis pendens, alleging that the claims asserted and relief sought against them in the Division I suit are identical to those asserted in the suit filed six years earlier and still pending in Division C. A hearing was held on December 10, 2019, at the conclusion of which the trial court sustained the exception of lis pendens and dismissed plaintiffs' claims against OCI and Mamoulides in the Division I suit. Following the trial court's ruling, plaintiffs filed a motion for new trial; however, they did not seek a new trial on the issue of the dismissal of their claims against OCI and Mamoulides.[4] In fact, at the hearing on the motion for new trial, plaintiffs' counsel admitted to the trial court court that the dismissal of OCI and Mamoulides on the exception of lis pendens was proper:

> You see, I've got it in Division C and I can't have it in both places. In other words, he is a lot owner in Division C. He sold all his property.
>
> . . . In his capacity as a one lot owner, he is in Division C. And so technically, his lis pendens, I think, is valid. And I didn't seriously oppose it.

Along with their motion for new trial, plaintiffs also filed a motion to transfer the Division I suit to Division C, arguing that "[t]he instant case [in Division I] arises out of the same factual and legal circumstances as No. 2013-14638 [the Division C suit] and involves many of the same issues, exhibits, and witnesses." Plaintiffs alleged that the only reason the Division I suit was filed as a separate action was that Judge Swartz had refused to allow further amendments to

---

[4] Plaintiffs' motion for new trial concerned the trial court's dismissal of plaintiffs' claims against all defendants, including plaintiffs' claims against the individual homeowner and lot owner defendants, who had not filed exceptions of lis pendens. Accordingly, although plaintiffs' motion for new trial was granted in part, the language of the July 20, 2020 judgment specifically excluded OCI and Mamoulides:

> IT IS ORDERED, ADJUDGED, AND DECREED that the motion for new trial IS GRANTED so that all defendants other than [OCI] and [Mamoulides] are again defendants in this action.

6

the petition in the Division C suit due to an upcoming trial date, and since the trial in Division C had been continued, "the most efficient and expeditious course of action" would be to for Judge Badeaux to transfer the Division I suit to Division C to "permit Judge Swartz to make all further procedural and substantive decisions." After a hearing, Judge Badeaux denied plaintiffs' motion to transfer, noting his impression that plaintiffs had requested a transfer of the Division I suit to Division C as a way of circumventing Judge Swartz's denial of their request to amend their petition in Division C.[5]

Beginning in August 2020, a number of homeowner and lot owner defendants in the Division I suit filed third-party demands or cross-claims against OCI, Mamoulides, STPG, and others. The allegations of these incidental demands included that OCI and Mamoulides failed to disclose the pending suit in Division C prior to the sale of property to the homeowner and lot owner defendants and that certain actions and inactions by STPG, OCI, and Mamoulides allegedly caused flooding to plaintiffs' property, resulting in plaintiffs filing suit against the homeowner and lot owner defendants and an injunction being issued enjoining lot owner defendants from building or performing work on the lots. The cross-claimants/third-party plaintiffs sought relief including rescission of the sale and return of the purchase price, indemnification, and other damages and remedies.[6]

On November 16, 2020, STPG filed exceptions raising the objection of no cause of action to the incidental demands filed against it by homeowner and lot

---

[5] Although plaintiffs' counsel urged that Judge Badeaux could transfer the Division I suit to Division C "on [his] own motion as well as over any opposition," this is incorrect. Louisiana Code of Civil Procedure article 253.2 prohibits the transfer of a case from one division to another except where agreed to by all parties or where it is being transferred to effect a consolidation pursuant to La. C.C.P. art. 1561. Since all parties did not agree in this matter, a transfer could only be ordered after a consolidation of the suits. See Louisiana District Court Rules, Appendix 3.1. Louisiana Code of Civil Procedure article 1561(A) provides that consolidation of suits may be ordered by the division of court in which the *first filed action* is pending upon a finding that common issues of fact and law predominate and, in the event a trial date has been set in a subsequently filed action, upon a finding that consolidation is in the interest of justice. Thus, the consolidation and transfer of these suits would have to originate in Division C.

[6] OCI and Mamoulides filed answers to the cross-claims and third party demands filed by the homeowner and lot owner defendants in December 2020, in which they raised various exceptions and defenses to the incidental demands. However, there is no indication in the record before us that these exceptions were ever set for hearing.

owner defendants. After a hearing, the trial court sustained STPG's exceptions and dismissed the incidental demands of the homeowner and lot owner defendants against STPG in their entirety, with prejudice.

On January 12, 2021, plaintiffs attempted to file cross-claims (which they alternately referred to as counterclaims) in the Division I suit against OCI, Mamoulides, Artesian Services, LLC, David Guidry, Colony Insurance Company, and STPG, all of whom were defendants at one time in one or more of the suits filed by plaintiffs in Division C or Division F, and some of whom had been previously dismissed from the Division I suit. Plaintiffs' proposed cross-claims alleged that Judge Swartz's January 2, 2020 denial of OCI and STPG's motions for summary judgment in the Division C suit constitutes the law of the case in the Division I suit, and they asserted claims for the flooding of plaintiffs' properties caused by the defendants' actions or inactions related to the development of Lake Ramsey Subdivision. Plaintiffs again requested injunctive relief and damages.

STPG opposed plaintiffs' proposed cross-claim and filed a motion to strike, along with a request for attorney fees and costs for opposing the motion. STPG pointed out that it is not a party to the Division I suit, as all incidental demands against it by the homeowner and lot owner defendants were dismissed with prejudice by judgment dated January 29, 2021, and plaintiffs' attempt to bring STPG into the Division I suit by way of a cross-claim is procedurally improper. STPG argued that plaintiffs were attempting to assert the same claims against it in the same capacity and request the same relief based on the same transactions and occurrences in their cross-claim as they did in the Division C suit, and that plaintiffs previously asserted nearly identical claims against it in the Division F suit, which were dismissed on the basis of lis pendens.

OCI, Mamoulides, Artesian Services, LLC, and David Guidry also opposed plaintiffs' proposed cross-claims on the grounds that they are procedurally

8

improper, an attempt to circumvent the doctrine of lis pendens, an improper collateral attack on prior rulings by this court, and filed for an improper purpose in violation of La. C.C.P. art. 863. The opposition pointed out that plaintiffs' proposed cross-claims in the Division I suit are a reassertion of the claims against OCI and Mamoulides that were previously held to be barred by the doctrine of lis pendens in the same suit, and are also the same claims raised against OCI, Mamoulides, Artesian Services, LLC, and David Guidry in the Division C and/or Division F suits. The opposition also sought sanctions, costs, and attorney fees for the improper filing of the cross-claim.

STPG also filed a Motion to Strike in response to another motion filed by plaintiffs in the Division I suit. In this motion to strike, STPG asked the trial court to strike four paragraphs relating to the Division C suit from plaintiffs' motion pursuant to La. C.C.P. art. 964,[7] on the grounds that they are "entirely unnecessary and assert factually incomplete and immaterial allegations and arguments, both of which could mislead the court." STPG also requested that plaintiffs be cast with reasonable costs and fees for filing of the motion to strike.

A hearing was held on March 23, 2021 on a number of matters, including plaintiffs' motion to file cross-claims, STPG's motions to strike, and other matters not before us on appeal. The trial court issued a judgment dated June 10, 2021, denying plaintiffs' motion to file cross-claims; ordering plaintiffs to pay all costs incurred by OCI, Mamoulides, Artesian Services, LLC, David Guidry, and/or STPG in responding to plaintiffs' motion to file cross-claims; ordering plaintiffs to pay attorney fees of $1,500.00 to counsel for STPG and $1,500.00 to counsel for OCI, Mamoulides, Artesian Services, LLC, and David Guidry; granting STPG's January 21, 2021 motion to strike; and deeming moot STPG's motion to strike the

---

[7] Louisiana Code of Civil Procedure article 964 provides that after a hearing, the court may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter.

9

cross-claims. The judgment was designated as appealable under La. C.C.P. art. 1915(A)(6).[8]

Plaintiffs filed a motion for suspensive appeal of the June 10, 2021 judgment, "as well as . . . any other adverse interlocutory order or judgments in this case." Although the only judgment specifically named in plaintiffs' appeal motion was the June 10, 2021 judgment, they also filed a "Concise Statement of Issues," in which they stated that they were seeking review of the June 10, 2021 judgment, the February 2, 2021 judgment, the July 20, 2020 judgment, "and the legal issues arising from said judgments." The trial court granted the suspensive appeal of the June 10, 2021 judgment, but struck through the language concerning "any other adverse interlocutory judgment that preceded that judgment," noting that such interlocutory orders are not subject to appeal and may be out of time even for a supervisory writ. On August 17, 2021, the plaintiffs filed an "Amended Concise Statement of Issues," in which they added the "Judgment granting [t]he exception of lis pendens" to the list of judgments sought to be reviewed.

On appeal, plaintiffs assign the following trial court errors:

1. The first (OCI and Mamoulides) exception of lis pendens was erroneously granted.

2. The grant of the STPG's exception of no cause of action was a prohibited collateral attack on Judge Swartz's 1/2/20 judgment denying the STPG's discretionary immunity plea.

3. The cross claims against existing defendants in 2013-14638 were substantively different from those permitted to be asserted in 2013-14638 and involved later time periods and new causes of action. The grant of lis pendens was error and alternatively not a violation of C.C.P. art. 864(B) [sic].

4. La. C.C.P. art. 863(B) sanctions were not warranted.

---

[8] *Louisiana Code of Civil Procedure art. 1915(A)(6) provides:*

    A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

        (6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).

10

## DISCUSSION

In their first assignment of error, plaintiffs allege that the trial court erred in granting the exception of lis pendens filed by OCI and Mamoulides, since they were made defendants in a different capacity in the Division I suit than in the Division C proceedings. The judgment complained of by plaintiffs in this assignment of error was issued on April 14, 2020, and dismissed "all claims asserted herein by plaintiffs, Anthony Misita and Glenn and Linda Torres, against [OCI and Mamoulides] in this matter." As previously noted, plaintiffs did not request a new trial on the issue of the dismissal of OCI and Mamoulides, and counsel for plaintiffs admitted to Judge Badeaux that the exception of lis pendens was valid and not seriously opposed.

The April 14, 2020 judgment was a partial final judgment subject to immediate appeal because it dismissed all of plaintiffs' claims against OCI and Mamoulides. See La. C.C.P. art. 1915(A)(1); See also *Bailey v. Clark*, 2020-0257, p. 4, n.2 (La.App. 1 Cir. 5/12/21), 326 So.3d 900, 902, n.2. Once notice of the July 20, 2020 judgment on plaintiffs' motion for new trial was mailed on August 12, 2020, the appeal delays commenced for all parties. See La. C.C.P. arts. 2123(B) & 2087(C); see also *Boyd v. Allied Signal, Inc.*, 2007-1409, pp. 5-7 (La.App. 1 Cir. 10/17/08), 997 So.2d 111, 115-117, *writ denied*, 2008-2682 (La. 1/16/09), 998 So. 2d 105 (holding that the filing of a motion for new trial by one party suspends the appeal delays for all parties, regardless of any connexity or overlapping issues between the parties). Accordingly, the time to appeal the April 14, 2020 judgment sustaining the exception of lis pendens and dismissing plaintiffs' claims against OCI and Mamoulides began on August 12, 2020, and had long since passed by the time the plaintiffs filed their motion for suspensive appeal on July 12, 2021. See La. C.C.P. arts. 2123 & 2087.

11

An appellant's failure to file a timely appeal is a jurisdictional defect, in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing an appeal has elapsed. When an appellant fails to file a devolutive appeal from a final judgment timely, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment. *Bridges v. Baton Rouge General Medical Center*, 2020-0270, p. 28 (La.App. 1 Cir. 12/30/20), 317 So.3d 662, 684, *writ denied*, 2021-00144 (La. 4/7/21), 313 So.3d 985. Accordingly, the propriety of the trial court's dismissal of plaintiffs' claims against OCI and Mamoulides on their declinatory exception of lis pendens is not properly before us on appeal. See *Id.*

Plaintiffs' next assignment of error concerns the January 29, 2021 judgment that granted STPG's exceptions of no cause of action and dismissed the incidental demands of certain homeowner and lot owner defendants against STPG in their entirety, with prejudice. Although plaintiffs did not oppose STPG's exceptions or raise this issue in the trial court,[9] they now argue on appeal that the January 29, 2021 judgment was a prohibited collateral attack on a January 2, 2020 judgment in the Division C suit, in which Judge Swartz denied STPG's motion for summary judgment in part.

The January 29, 2021 judgment was a partial final judgment subject to immediate appeal because it dismissed all claims by the homeowner and lot owner defendants against STPG. See La. C.C.P. art. 1915(A)(1). Notice of judgment

---

[9] In fact, on March 23, 2021, counsel for plaintiffs seemingly conceded the dismissal of the homeowner defendants' claims against STPG during arguments on plaintiffs' motion to file cross-claims and STPG's request for sanctions:

| | |
|---|---|
| [Plaintiffs' Counsel]: | I filed the cross claim [against STPG] prior to the hearing [on STPG's exceptions of no cause of action] in this Court. So if you think they're out, they're out. And if they're not in the case, I can't file a cross claim against them. |
| The Court: | Well they're not. They're out. |
| [Plaintiffs' Counsel]: | Okay. Well, it seems to me they're out. |

12

was mailed on February 19, 2021. Accordingly, the time period for appealing the January 29, 2021 judgment had elapsed before the plaintiffs filed their motion for suspensive appeal on July 12, 2021, and the judgment is not properly before us on appeal. See La. C.C.P. arts. 2123 & 2087.

In plaintiffs' third assignment of error, they argue that the trial court erred in "granting the lis pendens exception and in sanctioning plaintiffs on account of their filing cross claims." However, despite plaintiffs' assertions, the trial court judgment does not state that there was an exception of lis pendens before the court or that the trial court found that plaintiffs' cross-claims were barred by lis pendens; rather, the judgment simply denied plaintiffs' motion for leave to file cross-claims. Therefore, we will review the propriety of the trial court's denial of plaintiffs' motion for leave to file cross-claims.

In support of their motion to file cross-claims, plaintiffs explained that they decided not to seek appellate review of the April 14, 2020 judgment sustaining the exception of lis pendens and dismissing their claims against OCI and Mamoulides because they believed that it would be "efficient" to simply assert the claims as cross-claims. Plaintiffs explained that the "underlying case and causes of action are now in their eighth year," but "[t]he basic claims and causes of action have not changed," and they urged the trial court to grant their request to file cross-claims because the "cross[-]claim[s] will bring all parties before a single Court for the first time."

At the hearing on plaintiffs' motion to file the cross-claims, plaintiffs' counsel conceded that plaintiffs could not assert a cross-claim against STPG once STPG had been dismissed from the Division I suit; however, plaintiffs' counsel maintained that plaintiffs "certainly . . . have a cross claim against OCI." Defense counsel argued that the plaintiffs' proposed cross-claims were procedurally improper because cross-claims are intended to be filed against a co-party, such as a

13

co-defendant, rather than by a plaintiff against a defendant. Defense counsel further argued that plaintiffs were attempting to circumvent the dismissal of their claims against OCI and Mamoulides in the Division I suit by rebranding the same claims as cross-claims, and these claims would again be subject to dismissal based on lis pendens. Judge Badeaux questioned whether plaintiffs were attempting to "piece by piece take the case from [Division] C and rebuild it all here [in Division I]," and noted that plaintiffs' attempts to effect a consolidation of the actions in this way "smack[s] of forum shopping." Counsel for plaintiffs explained that plaintiffs had no choice but to file the Division I suit because Judge Swartz "cut [plaintiffs] off" after their third amending petition in 2016 and would not allow them to assert additional claims in the Division C suit. He went on to say that plaintiffs "have a right to assert those [claims] in some court or another" and are "looking for some place to try our case before one judge who's willing to hear the whole case[,] [a]nd it seems to me that this is the best place to be." Following arguments of counsel, the trial court denied plaintiffs' motion to file cross-claims.[10]

After an answer to the principal demand is filed, leave of court is required to file an incidental demand. La. C.C.P. art. 1033. A trial court has broad discretion in deciding whether to allow an incidental demand to be filed. *Naramore v. Aikman*, 2017-1621, p. 16 (La.App. 1 Cir. 6/4/18), 252 So.3d 935, 945.

The cross-claim is a type of incidental demand that may be instituted against a co-party. La. C.C.P. arts. 1031 and 1071. Louisiana Code of Civil Procedure article 1071 provides that a party may assert as a cross-claim a demand against a co-party arising out of the transaction or occurrence that is the subject matter of either the original action or a reconventional demand or relating to any property that is the subject matter of the original action, and the cross-claim may include a

---

[10] While Judge Badeaux opined that it would be best for the Division F and Division I suits to be consolidated with the first-filed suit in Division C, he noted that Judge Swartz's denial of plaintiffs' request to amend their petition in the Division C suit to assert the claims that were subsequently asserted in the Division I and F suits was still pending on appeal, and consolidation and transfer could be addressed at a later date, depending on the outcome of the appeal.

14

demand that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of the demand asserted in the action against the cross-claimant. Although the Louisiana Code of Civil Procedure does not define "co-party," Section 7:5 of the *Louisiana Civil Law Treatise* explains that a "co-party" logically is one who is at the same functional level in the lawsuit, i.e., two plaintiffs in the original action, two defendants in the original action, or two defendants in a third-party demand. See *Buras v. Parish of Tangipahoa*, 2008-2429, p. 6 (La.App. 1 Cir. 9/23/09), 28 So.3d 1066, 1070. A cross-claim may not be asserted against a party on the opposite side of the action. 1 Frank L. Maraist, *Louisiana Civil Law Treatise: Civil Procedure* § 7:5 (2d ed.).

Therefore, a cross-claim is not the proper procedural vehicle for the assertion of plaintiffs' demands against parties on the opposite side of the action, and the trial court did not abuse its discretion in denying plaintiffs' request to file the cross-claims. Nevertheless, the improper label given to plaintiffs' claims is of no import because pleadings are construed for what they really are, not for what they are erroneously designated. *Buras*, 2008-2429 at pp. 6-7, 28 So.3d at 1070. In this instance, plaintiffs are clearly attempting to add new defendants and claims to their principal demand in the Division I suit, which requires amendment of the petition. See La. C.C.P. art. 1151.

Once the answer has been served, the petition may be amended only by leave of court or written consent of the adverse party. La. C.C.P. art. 1151. Leave to amend is within the court's sound discretion, and courts are generally liberal in allowing amendments to the petition, absent a showing of prejudice to the defendant or a finding of bad faith or dilatory purposes on the part of the plaintiff. *Walton v. Burns*, 47,388, p. 8 (La.App. 2 Cir. 1/16/13), 151 So.3d 616, 620-621; *Taylor v. Babin*, 2008-2063, p. 14 (La.App. 1 Cir. 5/8/09), 13 So.3d 633, 642, *writ denied*, 2009-1285 (La. 9/25/09), 18 So.3d 76.

15

Since the denial of plaintiffs' requests to file amending petitions in the Division C suit, plaintiffs have repeatedly attempted to circumvent the denial and effect a transfer and consolidation of the separate actions. Counsel for plaintiffs made it clear that the proposed cross-claims were an attempt to consolidate all of their claims into one division so that one judge could "hear the whole case." Plaintiffs noted that all defendants named in their proposed cross-claims in the Division I suit were original defendants in either the Division C suit or the Division F suit, that the basic claims and causes of action have not changed in the eight years that the Division C suit has been pending, and that the filing of the cross-claims "will bring all parties before a single Court for the first time." This attempt to transfer and consolidate their claims by rebuilding the suit in a single division of court (Division I) was procedurally improper. As previously noted, a procedure exists for transfer and consolidation of cases into one division of court. A consolidation of plaintiffs' separate actions must originate in the division where the first suit was filed (Division C) and will result in the other actions being transferred to the division of the first-filed suit (Division C). See La. C.C.P. arts. 253.2 and 1561. Finally, plaintiffs' counsel implied to the trial court that plaintiffs were attempting to revive claims that had been dismissed on the basis of lis pendens without seeking appellate review by refiling them as cross-claims. In light of these facts, it was not an abuse of discretion for the trial court to deny plaintiffs' motion to file the proposed claims.

Plaintiffs' final argument in this appeal is that the trial court erred in awarding sanctions for their attempt to assert cross-claims in the Division I suit.

An attorney may be sanctioned for willful violation of any provision of La. C.C.P. art. 863. La. C.C.P. art. 864. Article 863 provides, in pertinent part:

> B. [T]he signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the

best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

(1)The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2)Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

(3)Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4)Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

Article 863 imposes an affirmative duty on attorneys and litigants who sign pleadings to make an objectively reasonable inquiry into the facts and the law. In determining whether an attorney has breached that duty, the trial court is required to test the signer's conduct by inquiring what was reasonable to believe at the time the pleading was signed and submitted. *Landry v. Landry*, 2021-0337, p. 6 (La.App. 1 Cir. 10/8/21), 331 So.3d 351, 356, *writ denied*, 2022-00044 (La. 3/2/22), 333 So.3d 835. The trial court's determination that sanctions are warranted because one of the affirmative duties imposed by La. C.C.P. art. 863(B) has been violated is subject to the manifest error or clearly wrong standard of review. *Droddy v. Porter*, 2019-0633, p. 5 (La. App. 1st Cir. 12/27/19), 292 So.3d 925, 928.

Once the court finds a violation of La. C.C.P. art. 863(B), the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction, which may include an order to pay the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees. La. C.C.P. art. 863(D). In arriving at an appropriate sanction award, courts consider: (1) the conduct that is being

17

punished or is sought to be deterred by the sanction; (2) the expense or costs caused by the violation of the rule; (3) the reasonableness of the costs or expenses as opposed to self-imposed, mitigatable, or those that are the result of delay in seeking court intervention; and (4) whether the sanction is the least severe sanction adequate to achieve the purpose of the rule under which it was imposed. *Dubois v. Brown*, 2001-0816, p. 4 (La.App. 1 Cir. 5/10/02), 818 So.2d 864, 867, writ denied, 2002-1654 (La. 10/14/02), 827 So.2d 421. The determination of the type and amount of the sanction is reviewed on appeal for abuse of discretion. *Landry*, 2021-0337 at p. 6, 331 So.3d at 356. The goal to be served by imposing sanctions is not wholesale fee shifting but correction of litigation abuse. *Landry*, 2021-0337 at pp. 6-7, 331 So.3d at 356.

There were multiple requests for sanctions before the court on March 23, 2021. OCI, Mamoulides, Artesian Services, LLC, David Guidry, and STPG all requested that the trial court award costs and attorney fees for plaintiffs' filing of cross-claims for improper purposes. In addition, there were two motions to strike before the court, both of which requested that plaintiffs be cast with costs and fees.

The first motion to strike before the court at the March 23, 2021 hearing was filed in response to plaintiffs' insertion of extraneous material in an unopposed motion. After hearing argument by counsel, the trial court determined that plaintiffs had improperly attempted to expand the pleadings in the Division I suit without filing a motion to amend their petition by inserting excerpts from their Division C petition into their January 5, 2021 motion to withdraw their request for a preliminary injunction. Based on this finding that plaintiffs used a pleading for an improper purpose, the trial court granted STPG's motion and struck four paragraphs of "impertinent and immaterial language" from plaintiffs' January 5, 2021 motion. STPG's second motion to strike concerned the allegations of

plaintiffs' proposed cross-claims and was rendered moot by the trial court's denial of plaintiffs' motion to file the proposed cross-claims.

In reference to plaintiffs' proposed cross-claims, STPG sought sanctions in order to end the "frivolous, redundant, immaterial, and impertinent pleadings being filed repeatedly" by plaintiffs. STPG argued that plaintiffs' counsel's failure to withdraw the proposed cross-claim against STPG once STPG was dismissed from the suit entirely, or even to make a phone call to let STPG's counsel know that plaintiffs would not pursue the cross-claim against STPG, unnecessarily caused STPG to incur legal fees to oppose the motion. Counsel for OCI, Mamoulides, Artesian Services, LLC, and David Guidry argued that plaintiffs' proposed cross-claims were "frivolous" and "intended to unnecessarily delay and needlessly increase the cost of litigation," and sought sanctions, including costs and attorney fees "for compelling us to respond . . . once again before this Court."

After a thorough review of the record, and especially considering plaintiffs' attempts to reassert previously-dismissed claims and use improper procedures to consolidate multiple pending actions in a single division of court or to enlarge the pleadings, we find no manifest error in the trial court's decision to award sanctions under La. C.C.P. 863, and no abuse of discretion in the award of court costs and $1,500.00 in attorney fees to each of the two attorneys required to oppose plaintiffs' motion.

## CONCLUSION

For the reasons set forth herein, the June 10, 2021 judgment is affirmed. Costs of this appeal are assessed to plaintiffs, Anthony Misita and Glenn and Linda Torres.

**AFFIRMED.**

19